IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                                         )
                                               )        Chapter 7
MICHAEL HILDENBRAND,                           )
                                               )        Bankruptcy No. 16-00228
            Debtor.                            )

## RULING ON MOTION TO QUASH

This matter came before the Court for telephonic hearing on June 28, 2016. David Nadler appeared for Debtor Michael Hildenbrand ("Debtor"). Laura Hyer appeared for Creditors Barbara Zubrod and the Estate of John Zubrod ("Creditors"). The Court took the matter under advisement. The parties filed briefs. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

On November 3, 2014, Debtor's vehicle collided with Barbara and John Zubrod's vehicle. John Zubrod died as a result of the accident. Debtor was injured and was admitted to UIHC for treatment.

On March 9, 2016, Debtor filed Chapter 7 bankruptcy seeking to discharge any debts owed to Creditors as a result of this accident. Debtor scheduled Creditors' claims as disputed nonpriority unsecured claims. Creditors have requested an extension of time to determine if they will file an adversary seeking denial of discharge under 11 U.S.C. § 727 or that the debt to them is nondischargeable under 11 U.S.C. § 523. Creditors subpoenaed UIHC for records

about Debtor's treatment following the accident to determine whether the claims are nondischargeable. Debtor moves to quash the subpoena. Creditors resist.

## DISCUSSION

Federal Rule of Civil Procedure 45 provides that "[a] subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2). Courts must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Id. 45(d)(3)(A). These rules apply to bankruptcy cases. Fed. R. Bankr. P. 9016.

Debtor argues that his medical records are privileged or protected by: (1) the doctor–patient privilege; (2) the Health Insurance Portability and Accountability Act (HIPAA); (3) his right to privacy; and (4) his right against self-incrimination. Debtor concludes that the Court must quash the subpoena.

Creditors argue that these protections do not apply. Creditors conclude that the Court should deny Debtor's Motion to Quash. Both parties have submitted proposed protective orders in the event the Court denies the Motion to Quash.

I. **Doctor–Patient Privilege**

Debtor argues that his medical records are protected by doctor–patient privilege. Debtor argues that federal courts apply the doctor–patient privilege.

2

Debtor cites <u>Schoffstall v. Henderson</u>, 223 F.3d 818, 823 (8th Cir. 2000) and <u>Womack v. Wells Fargo Bank, N.A.</u>, 275 F.R.D. 571 (D. Minn. 2011) in support. Debtor also argues that Iowa law provides the rule of decision because the controversy arose in Iowa. Debtor concludes that Iowa law governs privilege and Iowa law recognizes doctor–patient privilege.

Creditors argue that federal courts do not apply the doctor–patient privilege in federal claims. Creditors argue that Debtor's cases actually apply the psychotherapist–patient privilege, which federal courts do recognize. Creditors argue that, because dischargeability is a federal issue, Iowa law does not provide the rule of decision. Creditors conclude that Iowa privilege law does not apply.

The Court finds that, in the context of a dischargability action, doctor–patient privilege is not a basis to quash the subpoena. Nondischargeability is a federal cause of action and federal courts apply federal evidentiary law to federal causes of action. Fed. R. Evid. 501; <u>see also</u> <u>United States v. Espino</u>, 317 F.3d 788, 795 (8th Cir. 2003) ("Put simply, federal courts follow the federal common law regarding privileges in federal criminal proceedings."); <u>In re Bieter</u>, 16 F.3d 929, 935 (8th Cir. 1994) (applying federal attorney–client privilege common law to a federal RICO action). Federal law does not recognize a doctor–patient evidentiary privilege. Fed. R. Evid. 501; <u>see also</u> <u>Whalen v. Roe</u>, 429 U.S. 589, 602 n.28 (1977) ("The physician-patient evidentiary privilege is unknown to the

3

common law."); United States v. Bercier, 848 F.2d 917, 920 (8th Cir. 1988) (noting that "federal courts do not recognize the physician-patient privilege in federal criminal proceedings").  That this controversy arose in Iowa is irrelevant—federal law provides the rule of decision.  Debtor's cases are distinguishable.  They either discuss psychotherapist–patient privilege—which federal law does recognize—or involve state law claims, where federal courts do apply state privilege law.  Because this case does not involve psychotherapist–patient privilege or include a state law cause of action, the Court finds that, in this context, doctor–patient privilege is not a basis to quash the subpoena.

II. **HIPAA**

Debtor argues that HIPAA prevents subpoena of his medical records. HIPAA requires that UIHC receive "satisfactory assurances" from Creditors that Debtor was notified and that Creditors made "reasonable efforts" to secure a protective order before UIHC releases the records.  Debtor argues that these assurances have not been made.

Creditors argue that these are simply requirements that they will have to comply with if the Court denies the Motion to Quash before UIHC will release the records.  Creditors argue that these requirements do not make the subpoena noncompliant with HIPAA or otherwise provide grounds to quash the subpoena. Creditors have now filed a proposed protective order to meet these concerns.

4

The Court finds that HIPAA does not provide grounds to quash the subpoena. HIPAA specifically provides for hospitals to release medical records in response to a subpoena if the hospital receives (A) satisfactory assurance that reasonable efforts have been made to ensure the person whose records are at issue has been given notice; or (B) the hospital receives satisfactory assurance that reasonable efforts have been made by the party seeking the medical records to secure a qualified protective order. 45 C.F.R. § 164.512(e). These are requirements for UIHC to release the records in response to a subpoena without violating HIPAA. HIPAA does not provide grounds to quash the subpoena. Moreover, because both parties submitted protective orders, one will be in place if the Motion to Quash is denied.

III. **Right to Privacy**

Debtor argues that his constitutional right to privacy prevents production of his medical records. Creditors argue that, in federal courts, the right to privacy applies only to state action. "[T]he state and federal constitutional provisions which expressly protect an individuals' privacy interests apply to state action only." Born v. Blockbuster Videos, Inc., 941 F. Supp. 868, 870 (S.D. Iowa 1996) (quoting State v. Hartog, 440 N.W.2d 852, 854 (Iowa 1989)).

Here, Creditors are individual private citizens, not state actors. The cases that Debtor cites to support his position are either Iowa cases or discuss privacy in

the context of the federally-recognized psychotherapist–patient privilege.  The Court finds that Debtor's right to privacy does not provide a basis to quash the subpoena.  Moreover, the protective order filed with this decision should alleviate most of Debtor's concerns.

IV. **Self-Incrimination**

Debtor argued in his motion that his Fifth Amendment right against self-incrimination prevents disclosure of his medical records.  He did not urge this argument in his brief.  To the extent that Debtor maintains that the Fifth Amendment protects his medical records from subpoena, the Court rejects his argument.  "A party incriminated by evidence produced by a third party sustains no violation of his own [Fifth Amendment] rights."  California Bankers Ass'n v. Shultz, 416 U.S. 21, 55 (1974).

## CONCLUSION

**WHEREFORE**, Debtor's Motion to Quash is DENIED.

**FURTHER**, Debtor's Protective Order, which is filed simultaneously with this decision, is hereby adopted and will govern all information produced in response to the subpoena.

Dated and Entered:
September 8, 2016

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE